Billy Lewis GLOVER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 607–90.

Court of Criminal Appeals of Texas, En Banc.

Feb. 26, 1992.

John H. Hagler, Dallas, for appellant.

John Vance, Dist. Atty., and Pamela Sullivan Berdanier, Asst. Dist. Atty., Dallas,

---

Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant, Billy Lewis Glover, Jr., was found guilty of aggravated sexual assault. Tex. Penal Code § 22.021. The jury assessed punishment, enhanced by a prior felony conviction, at imprisonment for life and a $10,000 fine. The Fifth Court of Appeals affirmed appellant's conviction. *Glover v. State*, 787 S.W.2d 544 (Tex. App.—Dallas 1990). We granted appellant's petition for discretionary review, pursuant to Tex.R.App.Pro. 200(c)(1), in order to determine whether admission of "DNA fingerprint" evidence constituted reversible error. We will affirm.

The trial court held a suppression hearing to consider the admissibility of DNA fingerprint evidence, but overruled the defendant's objection to it. Therefore the jury heard expert testimony that the odds were one in eighteen billion that the DNA contained in the vaginal swab specimens taken from the victim belonged to someone other than the defendant.

In the Dallas Court of Appeals, the appellant urged adoption of the test for novel scientific evidence set out in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). The *Frye* test requires that in order for novel scientific evidence to be admissible, it must be generally accepted in the scientific community in the particular field in which it belongs. The Court of Appeals did apply the *Frye* test, and in so doing, found that DNA fingerprint evidence is admissible, and was properly before the jury at trial.

In his petition for discretionary review, appellant urges that this Court adopt the *Frye* test, and hold that DNA testing has not gained general acceptance in the scientific community. He does not argue that the technique applying the underlying scientific theory was invalid or that the technique was improperly applied in this case.

After granting review of appellant's petition, this Court delivered its opinion in *Kelly v. State*, 824 S.W.2d 568, (Tex.Cr.App. 1992). In *Kelly* we disposed of the same issue as that presented in this case adversely to appellant. We held that Rule 702 of the Texas Rules of Criminal Evidence governs the admission of all novel scientific evidence. Therefore, we will follow our holding in *Kelly* in finding that the *Frye* test is no longer the exclusive test for determining the admissibility of novel scientific evidence.

The judgment of the Court of Appeals is affirmed.

CLINTON, BAIRD and OVERSTREET, JJ., concur in the result.