**STATE of Texas, Appellant,**

v.

**Jesus Aleman FLORES, Appellee.**

**No. 11–92–164–CR.**

Court of Appeals of Texas, Eastland.

June 24, 1993.

Rehearing Denied July 22, 1993.

Ben D. Sudderth, Comanche, Martin L. Peterson, Stephenville, for appellant.

G. Lee Haney, Dist. Atty., Brownwood, for appellee.

## OPINION

DICKENSON, Justice.

The trial court sustained a motion to suppress evidence, and the State appeals. We affirm.

The grand jury indicted Jesus Aleman Flores on September 6, 1991, for capital murder, aggravated robbery, and sexual assault in connection with the death of Donna Mae Inlow on April 27, 1981, based in part upon the results of DNA tests of Flores' blood. The State secured its first blood sample from Flores pursuant to a search warrant issued on June 24, 1985. This was before the DNA testing procedure had been developed, and that blood sample was not sufficiently preserved for DNA testing. After the Dallas Court of Appeals recognized the validity of DNA testing in *Glover v. State,* 787 S.W.2d 544 (Tex.App.—Dallas 1990), *aff'd,* 825 S.W.2d 127 (Tex.Cr.App.1992), the State secured its second blood sample from Flores, the blood which was used for DNA testing, pursuant to a search warrant issued on January 10, 1991.

Flores moved to suppress the second blood sample, citing TEX.CODE CRIM.PRO. ANN. art. 18.01(d) (Vernon 1977) which provides:

> Only the specifically described property or items set forth in a search warrant issued under Subdivision (10) of Article 18.02 of this code or property or items enumerated in Subdivisions (1) through (9) of Article 18.02 of this code may be seized. *Subsequent search warrants may not be issued pursuant to Subdivision (10) of Article 18.02 of this code to search the same person, place, or thing*

*subjected to a prior search under Subdivision (10) of Article 18.02 of this code.* (Emphasis added)

TEX.CODE CRIM.PRO.ANN. art. 18.02(10) (Vernon Supp.1993) authorizes a warrant to search for and seize:

[P]roperty or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense.

The State asked the trial court to create an exception to prohibition of subsequent search warrants which is contained in Article 18.01(d). The trial court followed the statutory law quoted above. The State argues a sole point of error in its brief on appeal, asking this court to hold that the trial court erred in sustaining the defendant's motion to suppress. This court must also follow the statutory law; consequently, the sole point of error is overruled.

The judgment of the trial court is affirmed.