

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-176-CR

NATHAN DARRELL NEIGHBORS        APPELLANT
A/K/A NATHANN HERCULES
NEIGHBORS

V.

THE STATE OF TEXAS        STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant Nathan Darrell Neighbors a/k/a Nathann Hercules Neighbors appeals his felony conviction of aggravated robbery with a deadly weapon. In three points, appellant argues that the evidence was legally and factually

---

[1] *See* TEX. R. APP. P. 47.4.

insufficient to support his conviction and that the trial court erred by refusing to submit a lesser included offense charge of robbery to the jury. We affirm.

## II. Background Facts

On March 15, 2003, Paradise Liquors's owner Delaware Wafayee and his employee, Lorenzo Corral, were locking the doors after closing when a man, who was wearing a ski mask, approached Wafayee from behind with a gun and ordered him to open the door and disarm the security system. The man then forced Wafayee and Corral to the back office where the safe was located. After Wafayee opened the safe, the man put down the gun and began to stuff the cash in a bag. Corral saw the gun on the ground, lunged for the weapon, and began to struggle with the man. Corral kept holding the weapon and hit the man with the butt of the gun, which caused the man to bleed profusely. During the struggle, the man's mask also came off. While Corral and the man were wrestling for the gun, Wafayee grabbed a nearby champagne bottle and hit the man on the head seven or eight times. Wafayee then ran out of the office to press the panic button, and Corral quickly followed still holding the gun. While Wafayee called 9-1-1 and Corral watched for the police by the entrance, the man, who was bleeding from his head and face, emerged from the office and walked towards the door. Although Wafayee could tell that the man was a black male, neither he nor Corral could clearly see his facial features

2

because he was covered in blood. Corral pointed the gun at the man, but the man told Corral that he was leaving no matter what so he had better shoot him. Corral pulled the trigger but nothing happened, and the man left the store.

Officer Sylvester Brown of the Arlington Police Department arrived shortly thereafter, but he could not locate the man. Officer Robert Petty collected the suspect's gun, and Investigator Kathy Isbell collected the suspect's ski mask, a sample of his blood, and some of his scalp tissue with hair. Detective Richard Daniel Nutt entered the DNA evidence obtained from the samples into the Combined DNA Indexing System (CODIS)—a DNA database that compares unknown DNA samples with known samples. Because of the lack of leads, the case quickly became inactive, but it was reopened in March 2006 when CODIS found a match to the DNA sample that had been submitted in 2003. The Arlington Police Department identified appellant as the match and obtained arrest and search warrants to get a buccal swab.[2] The DNA evidence taken from the crime scene positively matched the DNA evidence obtained from appellant's buccal swab.

---

[2] Detective Nutt testified that a buccal swab is similar to a long Q-tip, which he rubbed in between appellant's cheek and gums to collect a DNA sample.

A grand jury indicted appellant for aggravated robbery. At trial in May 2007, appellant requested a lesser included charge of robbery, which the trial court denied. A jury convicted appellant of aggravated robbery with a deadly weapon, a firearm, and recommended punishment at fifty-five years' confinement, which the trial court assessed accordingly. Appellant timely filed this appeal.

### III. Sufficiency of the Evidence

In his first two points, appellant claims that the evidence was legally and factually insufficient to identify him as the person who robbed the Paradise Liquor store.

### A. Standard of Review

#### 1. Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw

reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1979); *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact-finder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We must presume that the fact-finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

The sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Bowden v. State*, 166 S.W.3d 466, 470 (Tex. App.—Fort Worth 2005, pet. ref'd). Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily restrict the State's theories of liability, and

5

adequately describes the particular offense for which the defendant was tried. *Gollihar v. State*, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); *Malik,* 953 S.W.2d at 240. The law as authorized by the indictment means the statutory elements of the charged offense as modified by the charging instrument. *See Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

### 2. Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414-15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder's determinations, "particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Moreover, an opinion reversing and remanding on factual insufficiency grounds

7

must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); *Johnson*, 23 S.W.3d at 7.

**B.    Analysis**

To convict appellant of aggravated robbery, the State was required to prove that appellant, in the course of committing theft and with intent to obtain or maintain control of property, intentionally or knowingly threatened or placed another in fear of imminent bodily injury or death while using or exhibiting a deadly weapon.   TEX. PENAL CODE ANN. §§ 29.02, 29.03 (Vernon 2003); *Robinson v. State,* 596 S.W.2d 130, 132 (Tex. Crim. App. 1980); *Chandler v. State*, 855 S.W.2d 38, 41 (Tex. App.—Fort Worth 1993, no pet.).   Appellant argues that the evidence was legally and factually insufficient because neither witness could identify him as the person who robbed the Paradise Liquor store. However, the Texas Court of Criminal Appeals has held that DNA evidence is admissible to prove identity.  *Glover v. State,* 825 S.W.2d 127, 128 (Tex. Crim. App. 1992); *King v. State*, 91 S.W.3d 375, 380 (Tex. App.—Texarkana 2002, pet. ref'd).

At trial, Wafayee and Corral testified that they were unable to identify the robber because initially he wore a mask and because when the mask was

removed during the struggle, the robber's face was covered with blood.[3] However, after the incident, the police collected evidence including the black ski mask, a blood swab, and scalp tissue with hair.[4] Carolyn Van Winkle, who worked in the Tarrant County Medical Examiner's office, tested the blood on the ski mask and the blood sample and determined that the profiles obtained from the evidence were from the same male donor.[5] Detective Nutt submitted the data into CODIS, but CODIS did not contain a match for the DNA until March 2006. Once CODIS found a match, Detective Nutt identified the match as appellant and obtained a buccal swab. Van Winkle tested the buccal swab and determined that the two DNA samples she previously had tested matched the DNA evidence from appellant's buccal swab. In 2007, at the State's request, Van Winkle tested the scalp sample, which also matched appellant's

---

[3] Wafayee also testified that he could not identify appellant in a photo line-up.

[4] Appellant also argues that the State did not properly identify the evidence collected at the scene as the items tested for DNA evidence. However, crime scene investigator Isbell testified that she collected, packaged, and sealed a blood sample, scalp tissue, and a black ski mask from the liquor store. Medical examiner Carolyn Van Winkle testified that she received the evidence in sealed conditions and that the seals had not been tampered with. Additionally, Isbell's initials were on the seals of the exhibits.

[5] Van Winkle testified that she did not test the scalp sample because when she received multiple samples in one case, she limited the amount of samples that she tested.

DNA profile. Van Winkle testified that the likelihood that appellant was not the donor of the DNA evidence collected at the Paradise Liquor store was one in 9.5 quadrillion.

After reviewing all of the evidence, we conclude that it shows that the DNA samples obtained from the Paradise Liquor store, which included the ski mask, the blood swab, and the scalp tissue, matched appellant's DNA profile collected from the buccal swab. Thus, the DNA evidence proved appellant's identity as the perpetrator of the Paradise Liquor store robbery in March 2003. *See Glover*, 825 S.W.2d at 128; *King*, 91 S.W.3d at 380. Therefore, viewing all of the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant committed aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03; *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton,* 235 S.W.3d at 778. When viewing all of the evidence in a neutral light, we hold that the evidence supporting the conviction is not so weak that a reasonable juror's determination is clearly wrong and that any conflicting evidence does not greatly outweigh the evidence in support of the conviction so that a juror's determination is unequivocally unjust. *See Watson*, 204 S.W.3d at 414-15, 417; *Drichas,* 175 S.W.3d at 799; *Johnson,* 23 S.W.3d at 11. We overrule appellant's first and second points.

10

## IV. Lesser Included Offense of Robbery

In his third point, appellant argues that the trial court erred by not submitting the lesser included offense of robbery to the jury.

### A.    Standard of Review

We use a two-step analysis to determine whether an appellant was entitled to a lesser included offense instruction. *Hall v. State*, 225 S.W.3d 524, 528 (Tex. Crim. App. 2007); *Rousseau v. State*, 855 S.W.2d 666, 672- 73 (Tex. Crim. App.), *cert. denied*, 510 U.S. 919 (1993). First, the lesser offense must come within article 37.09 of the code of criminal procedure. TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); *Moore v. State,* 969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

An offense is a lesser included offense if . . . it is established by proof of the same or less than all the facts required to establish the commission of the offense charged." TEX. CODE CRIM. PROC. ANN. art. 37.09(1); *see also Hall*, 225 S.W.3d at 536. This inquiry is a question of law. *Hall*, 225 S.W.3d at 535. It does not depend on the evidence to be produced at the trial but is performed by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser included offense. *Id.* at 525, 535-36.

Second, some evidence must exist in the record that would permit a jury to rationally find that if the appellant is guilty, he is guilty only of the lesser offense. *Id.* at 536; *Salinas v. State*, 163 S.W.3d 734, 741 (Tex. Crim. App. 2005); *Rousseau*, 855 S.W.2d at 672-73. The evidence must be evaluated in the context of the entire record. *Moore*, 969 S.W.2d at 8. There must be some evidence from which a rational jury could acquit the appellant of the greater offense while convicting him of the lesser included offense. *Id.* The court may not consider whether the evidence is credible, controverted, or in conflict with other evidence. *Id.* Anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. *Hall*, 225 S.W.3d at 536.

## B.    Analysis

Appellant argues that he was entitled to a charge on the lesser included offense of robbery because there was some evidence that the gun he used was not capable of firing, and thus the gun could not qualify as a deadly weapon. The Texas Penal Code defines robbery as follows:

> (a)  A person commits an offense if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he:
>
> > (1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

TEX. PENAL CODE ANN. § 29.02(a). Robbery becomes aggravated robbery if the offender uses or exhibits a deadly weapon. *Id*. § 29.03.

Appellant has satisfied the first requirement because robbery is a lesser included offense of aggravated robbery. *Ex Parte Walton*, 626 S.W.2d 528, 530 (Tex. Crim. App. 1981); *Russell v. State*, 804 S.W.2d 287, 289 (Tex. App.—Fort Worth 1991, no pet.). We must next determine if there is some evidence that if appellant is guilty, he is guilty only of the lesser offense. *See Hall,* 225 S.W.3d at 536; *Salinas,* 163 S.W.3d at 741; *Rousseau,* 855 S.W.2d at 672-73.

The Texas Penal Code defines a deadly weapon as

(A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or

(B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

TEX. PENAL CODE ANN. § 1.07(a)(17) (Vernon Supp. 2007). Thus, if the State proves at trial that a firearm was used in the commission of a robbery, the firearm meets the statutory definition of deadly weapon. *Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991). Additionally, the State is not required to verify that the firearm was actually capable of causing death, either

13

in the manner of its actual use or in the manner of its intended use. *Id.*; *see also Walker v. State*, 543 S.W.2d 634, 636-37 (Tex. Crim. App. 1976) (holding that a .45 automatic was a deadly weapon even though missing a firing pin and without a clip because it was manifestly designed and made for the purpose of inflicting death or serious bodily injury, which was evident to the senses and understanding of the victim).

Here, the gun Corral wrestled away from appellant did not fire when Corral attempted to shoot appellant as he was leaving. Investigator Isbell collected the gun, and Arlington Police Department range master Keith Scullin fired the gun and testified that it was operable. Regardless, even if the gun was not functioning at the time of the robbery, it qualified as a firearm and thus a deadly weapon. *See Thomas,* 821 S.W.2d at 620-21; *Walker,* 543 S.W.2d at 637. Because appellant used and exhibited a deadly weapon during the course of robbing the Paradise Liquor store, he cannot be guilty only of robbery; thus, the trial court did not err by refusing to submit the lesser included charge of robbery to the jury. *See Hall,* 225 S.W.3d at 536; *Thomas,* 821 S.W.2d at 620; *Walker,* 543 S.W.2d at 636-37. We overrule appellant's third point.

## V. Conclusion

Having overruled appellant's three points, we affirm the trial court's judgment.

PER CURIAM

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 12, 2008