COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-176-CR

 

 

NATHAN DARRELL NEIGHBORS                                             APPELLANT

A/K/A
NATHANN HERCULES

NEIGHBORS

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I. Introduction








Appellant Nathan Darrell
Neighbors a/k/a Nathann Hercules Neighbors appeals his felony conviction of
aggravated robbery with a deadly weapon. 
In three points, appellant argues that the evidence was legally and
factually insufficient to support his conviction and that the trial court erred
by refusing to submit a lesser included offense charge of robbery to the
jury.  We affirm.

II. Background Facts








On March 15, 2003, Paradise
Liquors=s owner Delaware Wafayee and his employee, Lorenzo Corral, were
locking the doors after closing when a man, who was wearing a ski mask,
approached Wafayee from behind with a gun and ordered him to open the door and
disarm the security system.  The man then
forced Wafayee and Corral to the back office where the safe was located.  After Wafayee opened the safe, the man put
down the gun and began to stuff the cash in a bag.  Corral saw the gun on the ground, lunged for
the weapon, and began to struggle with the man. 
Corral kept holding the weapon and hit the man with the butt of the gun,
which caused the man to bleed profusely. During the struggle, the man=s mask also came off.  While
Corral and the man were wrestling for the gun, Wafayee grabbed a nearby
champagne bottle and hit the man on the head seven or eight times.  Wafayee then ran out of the office to press
the panic button, and Corral quickly followed still holding the gun.  While Wafayee called 9-1-1 and Corral watched
for the police by the entrance, the man, who was bleeding from his head and
face, emerged from the office and walked towards the door.  Although Wafayee could tell that the man was
a black male, neither he nor Corral could clearly see his facial features
because he was covered in blood.  Corral
pointed the gun at the man, but the man told Corral that he was leaving no
matter what so he had better shoot him. Corral pulled the trigger but nothing
happened, and the man left the store. 

Officer Sylvester Brown of
the Arlington Police Department arrived shortly thereafter, but he could not
locate the man.  Officer Robert Petty
collected the suspect=s gun, and
Investigator Kathy Isbell collected the suspect=s ski mask, a sample of his blood, and some of his scalp tissue with
hair.  Detective Richard Daniel Nutt
entered the DNA evidence obtained from the samples into the Combined DNA
Indexing System (CODIS)Ca DNA
database that compares unknown DNA samples with known samples.  Because of the lack of leads, the case
quickly became inactive, but it was reopened in March 2006 when CODIS found a
match to the DNA sample that had been submitted in 2003.  The Arlington Police Department identified
appellant as the match and obtained arrest and search warrants to get a buccal
swab.[2]  The DNA evidence taken from the crime scene
positively matched the DNA evidence obtained from appellant=s buccal swab. 








A grand jury indicted
appellant for aggravated robbery.  At
trial in May 2007, appellant requested a lesser included charge of robbery,
which the trial court denied.  A jury
convicted appellant of aggravated robbery with a deadly weapon, a firearm, and
recommended punishment at fifty-five years= confinement, which the trial court assessed accordingly.  Appellant timely filed this appeal.

III. Sufficiency of the
Evidence

In his first two points,
appellant claims that the evidence was legally and factually insufficient to
identify him as the person who robbed the Paradise Liquor store. 

A.     Standard
of Review

1.     Legal Sufficiency

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact-finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine whether the necessary inferences are reasonable based upon
the combined and cumulative force of all the evidence when viewed in the light
most favorable to the verdict.@  Hooper v. State, 214
S.W.3d 9, 16-17 (Tex. Crim. App. 2007). 
We must presume that the fact-finder resolved any conflicting inferences
in favor of the prosecution and defer to that resolution.  Jackson, 443 U.S. at 326, 99 S. Ct. at
2793; Clayton, 235 S.W.3d at 778.








The sufficiency of the
evidence should be measured by the elements of the offense as defined by the
hypothetically correct jury charge for the case.  Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997); Bowden v. State, 166 S.W.3d 466, 470 (Tex. App.CFort Worth 2005, pet. ref=d).  Such a charge would be one
that accurately sets out the law, is authorized by the indictment, does not
unnecessarily restrict the State=s theories of liability, and adequately describes the particular
offense for which the defendant was tried. 
Gollihar v. State, 46 S.W.3d 243, 253 (Tex. Crim. App. 2001); Malik,
953 S.W.2d at 240.  The law as
authorized by the indictment means the statutory elements of the charged
offense as modified by the charging instrument. 
See Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

2.     Factual Sufficiency

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414-15, 417; Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).  To reverse under the second
ground, we must determine, with some objective basis in the record, that the
great weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.








An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.

B.     Analysis

To convict appellant of
aggravated robbery, the State was required to prove that appellant, in the
course of committing theft and with intent to obtain or maintain control of
property, intentionally or knowingly threatened or placed another in fear of
imminent bodily injury or death while using or exhibiting a deadly weapon.  Tex.
Penal Code Ann. '' 29.02,
29.03 (Vernon 2003); Robinson v. State, 596 S.W.2d 130, 132 (Tex. Crim.
App. 1980); Chandler v. State, 855 S.W.2d 38, 41 (Tex. App.CFort Worth 1993, no pet.). 
Appellant argues that the evidence was legally and factually
insufficient because neither witness could identify him as the person who
robbed the Paradise Liquor store. 
However, the Texas Court of Criminal Appeals has held that DNA evidence
is admissible to prove identity.  Glover
v. State, 825 S.W.2d 127, 128 (Tex. Crim. App. 1992); King v. State,
91 S.W.3d 375, 380 (Tex. App.CTexarkana 2002, pet. ref=d). 













At trial, Wafayee and Corral
testified that they were unable to identify the 
robber because initially he wore a mask and because when the mask was
removed during the struggle, the robber=s face was covered with blood.[3]
However, after the incident, the police collected evidence including the black
ski mask, a blood swab, and scalp tissue with hair.[4]  Carolyn Van Winkle, who worked in the Tarrant
County Medical Examiner=s office,
tested the blood on the ski mask and the blood sample and determined that the
profiles obtained from the evidence were from the same male donor.[5]  Detective Nutt submitted the data into CODIS,
but CODIS did not contain a match for the DNA until March 2006.  Once CODIS found a match, Detective Nutt
identified the match as appellant and obtained a buccal swab.  Van Winkle tested the buccal swab and
determined that the two DNA samples she previously had tested matched the DNA
evidence from appellant=s buccal
swab.  In 2007, at the State=s request, Van Winkle tested the scalp sample, which also matched
appellant=s DNA
profile.  Van Winkle testified that the
likelihood that appellant was not the donor of the DNA evidence collected at
the Paradise Liquor store was one in 9.5 quadrillion.

After reviewing all of the
evidence, we conclude that it shows that the DNA samples obtained from the
Paradise Liquor store, which included the ski mask, the blood swab, and the
scalp tissue, matched appellant=s DNA profile collected from the buccal swab.  Thus, the DNA evidence proved appellant=s identity as the perpetrator of the Paradise Liquor store robbery in
March 2003.  See Glover, 825
S.W.2d at 128; King, 91 S.W.3d at 380. 
Therefore, viewing all of the evidence in the light most favorable to
the verdict, we hold that a rational trier of fact could have found beyond a
reasonable doubt that appellant committed aggravated robbery.  See Tex.
Penal Code Ann. ' 29.03;
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at
778.  When viewing all of the evidence in
a neutral light, we hold that the evidence supporting the conviction is not so
weak that a reasonable juror=s determination is clearly wrong and that any conflicting evidence
does not greatly outweigh the evidence in support of the conviction so that a
juror=s determination is unequivocally unjust.  See Watson, 204 S.W.3d at 414-15, 417; Drichas,
175 S.W.3d at 799; Johnson, 23 S.W.3d at 11.  We overrule appellant=s first and second points. 








IV. Lesser Included Offense
of Robbery

In his third point, appellant
argues that the trial court erred by not submitting the lesser included offense
of robbery to the jury.

A.     Standard
of Review

We use a two-step analysis to
determine whether an appellant was entitled to a lesser included offense
instruction.  Hall v. State, 225
S.W.3d 524, 528 (Tex. Crim. App. 2007); Rousseau v. State, 855 S.W.2d
666, 672‑ 73 (Tex. Crim. App.), cert. denied, 510 U.S. 919
(1993).  First, the lesser offense must
come within article 37.09 of the code of criminal procedure.  Tex.
Code Crim. Proc. Ann. art. 37.09 (Vernon 2006); Moore v. State,
969 S.W.2d 4, 8 (Tex. Crim. App. 1998).

An offense is a lesser
included offense if . . . it is established by proof of the same or less than
all the facts required to establish the commission of the offense charged.@  Tex. Code Crim. Proc. Ann. art. 37.09(1); see also Hall,
225 S.W.3d at 536.  This inquiry is a
question of law.  Hall, 225 S.W.3d
at 535.  It does not depend on the
evidence to be produced at the trial but is performed by comparing the elements
of the offense as they are alleged in the indictment or information with the
elements of the potential lesser included offense.  Id. at 525, 535-36.








Second, some evidence must
exist in the record that would permit a jury to rationally find that if the appellant
is guilty, he is guilty only of the lesser offense.  Id. at 536; Salinas v. State,
163 S.W.3d 734, 741 (Tex. Crim. App. 2005); Rousseau, 855 S.W.2d at
672-73.  The evidence must be evaluated
in the context of the entire record.  Moore,
969 S.W.2d at 8.  There must be some
evidence from which a rational jury could acquit the appellant of the greater
offense while convicting him of the lesser included offense.  Id. 
The court may not consider whether the evidence is credible,
controverted, or in conflict with other evidence.  Id. 
Anything more than a scintilla of evidence may be sufficient to entitle
a defendant to a lesser charge.  Hall,
225 S.W.3d at 536.

B.     Analysis

Appellant argues that he was
entitled to a charge on the lesser included offense of robbery because there
was some evidence that the gun he used was not capable of firing, and thus the
gun could not qualify as a deadly weapon. 
The Texas Penal Code defines robbery as follows:

(a)  A person commits an offense if, in the course
of committing theft . . . and with intent to obtain or maintain control of the
property, he:

 

(1)
intentionally, knowingly, or recklessly causes bodily injury to another; or

 








(2)
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.

 

Tex. Penal Code Ann. '
29.02(a).  Robbery becomes aggravated
robbery if the offender uses or exhibits a deadly weapon.  Id. ' 29.03.

Appellant has satisfied the
first requirement because robbery is a lesser included offense of aggravated
robbery.  Ex Parte Walton, 626
S.W.2d 528, 530 (Tex. Crim. App. 1981); Russell v. State, 804 S.W.2d
287, 289 (Tex. App.CFort Worth 1991,
no pet.).  We must next determine if
there is some evidence that if appellant is guilty, he is guilty only of the
lesser offense.  See Hall, 225
S.W.3d at 536; Salinas, 163 S.W.3d at 741; Rousseau, 855 S.W.2d
at 672-73.

The Texas Penal Code defines
a deadly weapon as

(A) a
firearm or anything manifestly designed, made, or adapted for the purpose of
inflicting death or serious bodily injury; or

 

(B)
anything that in the manner of its use or intended use is capable of causing
death or serious bodily injury.

 








Tex. Penal Code Ann. ' 1.07(a)(17)
(Vernon Supp. 2007).  Thus, if the State
proves at trial that a firearm was used in the commission of a robbery, the
firearm meets the statutory definition of deadly weapon.  Thomas v. State, 821 S.W.2d 616, 620
(Tex. Crim. App. 1991).  Additionally,
the State is not required to verify that the firearm was actually capable of
causing death, either in the manner of its actual use or in the manner of its
intended use.  Id.; see also
Walker v. State, 543 S.W.2d 634, 636-37 (Tex. Crim. App. 1976) (holding
that a .45 automatic was a deadly weapon even though missing a firing pin and
without a clip because it was manifestly designed and made for the purpose of
inflicting death or serious bodily injury, which was evident to the senses and
understanding of the victim). 

Here, the gun Corral wrestled
away from appellant did not fire when Corral attempted to shoot appellant as he
was leaving.  Investigator Isbell
collected the gun, and Arlington Police Department range master Keith Scullin
fired the gun and testified that it was operable.  Regardless, even if the gun was not
functioning at the time of the robbery, it qualified as a firearm and thus a
deadly weapon.  See Thomas, 821
S.W.2d at 620-21; Walker, 543 S.W.2d at 637.  Because appellant used and exhibited a deadly
weapon during the course of robbing the Paradise Liquor store, he cannot be
guilty only of robbery; thus, the trial court did not err by refusing to submit
the lesser included charge of robbery to the jury.  See Hall, 225 S.W.3d at 536; Thomas,
821 S.W.2d at 620; Walker, 543 S.W.2d at 636-37.  We overrule appellant=s third point.

 

 

 








V. Conclusion

Having overruled appellant=s three points, we affirm the trial court=s judgment.

 

PER CURIAM

 

PANEL F:    LIVINGSTON, GARDNER, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 12, 2008

 











[1]See Tex. R. App. P. 47.4.





[2]Detective
Nutt testified that a buccal swab is similar to a long Q-tip, which he rubbed
in between appellant=s
cheek and gums to collect a DNA sample. 





[3]Wafayee
also testified that he could not identify appellant in a photo line-up. 





[4]Appellant
also argues that the State did not properly identify the evidence collected at
the scene as the items tested for DNA evidence. However, crime scene
investigator Isbell testified that she collected, packaged, and sealed a blood
sample, scalp tissue, and a black ski mask from the liquor store.  Medical examiner Carolyn Van Winkle testified
that she received the evidence in sealed conditions and that the seals had not
been tampered with.  Additionally, Isbell=s
initials were on the seals of the exhibits. 





[5]Van
Winkle testified that she did not test the scalp sample because when she
received multiple samples in one case, she limited the amount of samples that
she tested.