Affirmed and Opinion filed August 24, 2010.

 

In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-09-00690-CR



 

LEWIS OLIVER, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 262nd
District Court

Harris County, Texas

Trial Court Cause No. 1175124



 

OPINION

 

A jury
found appellant, Lewis Oliver, guilty of aggravated robbery, and the court
sentenced him to fifteen years’ confinement in the Institutional Division of
the Texas Department of Criminal Justice.  On appeal, appellant contends (1)
the evidence is legally and factually insufficient to support his conviction
and (2) the court erred in admitting expert testimony in violation of the
Confrontation Clause.  We affirm.

I.     Background

            Shortly before
midnight on the evening of April 9, 2009, the complainants, Chang Zeng and his
wife, Yan Zeng, were cleaning up their restaurant after closing when two armed
men entered.  One man wore a flowered bandanna over his face and the other,
later identified as appellant, wore a white, “Jason”[1]-type
mask.  The robbers approached Chang and Yan, held them at gun-point, and
ordered them to turn over the cash in their register and wallets, which totaled
over a thousand dollars.  They also took Chang’s wallet, license, credit cards,
cell phone, and keys as well as some cooked chicken and shrimp from the
kitchen.  

            After the robbers
left, Chang and Yan called the police.  When the police arrived, Chang and Yan
described the robbery.  While searching the premises, the police recovered a
mask, which Yan identified as worn by one of the robbers.  Near the area where
the mask was found, the police spotted pieces of chicken on the ground.  Chang
and Yan described the robber who wore the mask as a black, 5’11” to 6’ tall,
short-haired, muscular male dressed in a black shirt and black pants.  

            Less than two
hours later, Houston Police Officer Margarito Perales pulled over a vehicle on
a routine traffic stop.  None of the three occupants had identification, and she
ordered them out of the vehicle and detained them for further investigation.  As
they were exiting the vehicle, Officer Perales noticed a gun on the
floorboard.  She ultimately conducted a search of the vehicle and recovered two
loaded guns, over a thousand dollars in cash, papers with Asian writing, and
Chang’s driver’s license, credit cards, and personal checks.  She also later
learned that one of the passengers—a 6’ tall, short-haired, black male in black
clothing who had given her a false name—was appellant.  

Appellant was subsequently arrested and charged with
aggravated robbery.  A DNA test revealed the mask contained DNA from two
people.  All three passengers provided DNA samples.  A DNA comparison revealed
appellant and an unknown person were the contributors.  At trial, Mary Green,
an expert in DNA analysis, testified that appellant was the major contributor,
meaning that of the contributors, he had worn the mask most recently.  The DNA
comparison also revealed that the other two passengers were not contributors.

The jury convicted appellant as charged, and the
court sentenced him to fifteen years’ confinement.  On appeal, he contends (1)
the evidence is legally and factually insufficient to support his conviction
and (2) the court erred in admitting expert testimony that violated the
Confrontation Clause. 

II.     Discussion

A.  
Sufficiency of the Evidence

Standard
of Review

In a
legal-sufficiency review, we consider all of the evidence in the light most
favorable to the verdict and decide whether a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Reed
v. State, 158 S.W.3d 44, 46 (Tex. App.—Houston [14th Dist.] 2005, pet.
ref’d).  We may not substitute our judgment for the jury’s and will not engage
in a reexamination of the weight and credibility of the evidence.  Id.; Brochu v. State, 927 S.W.2d 745, 750 (Tex. App.—Houston [14th Dist.]
1996, pet. ref’d).  

By
contrast, we review the evidence in a neutral light when conducting a factual-sufficiency
review.  Reed, 158 S.W.3d at 46.  We must set aside the verdict if (1)
the proof of guilt is so obviously weak that the verdict must be clearly wrong and manifestly unjust, or (2) the proof of guilt, although legally sufficient, is greatly
outweighed by contrary proof.  See Vodochodsky v. State, 158 S.W.3d 502,
510 (Tex. Crim. App. 2005).  However, because the jury is in the best position
to evaluate the credibility of the witnesses, we must afford appropriate
deference to its conclusions.  Pena v. State, 251 S.W.3d 601, 609 (Tex.
App.—Houston [1st Dist.] 2007, pet. ref’d).  

Analysis

In
support of his insufficiency claims, appellant argues the evidence linking him
to the robbery is circumstantial, Cheng and Yan were unable to identify him
from a photo array and at trial, and none of Cheng’s items were actually found
on his person.

It is
well-established, however, that each fact need not point directly and
independently to appellant’s guilt, as long as the cumulative force of all the
incriminating circumstances is sufficient to support the conviction.  Hooper
v. State, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).  Circumstantial evidence
is as probative as direct evidence in establishing guilt, and circumstantial
evidence alone can be sufficient to establish guilt.  Id.  

Here,
appellant fit the physical descriptions of race, structure, height, hair, and
clothing provided by Cheng and Yan both prior to and during trial. 
Additionally, DNA evidence is admissible to prove identity and here,
appellant’s DNA was found on the mask recovered at the scene.[2] 
See Glover v. State, 825 S.W.2d 127, 127 (Tex. Crim. App. 1992). 
Finally, when Officer Perales pulled over the vehicle, appellant appeared
nervous and gave a false name.  In a subsequent search of the passengers and
the vehicle, Officer Perales recovered two loaded guns, nearly a thousand
dollars in cash, papers with Asian writing, and Cheng’s license, personal
checks, and credit cards.[3]

Viewing
the evidence in the light most favorable to the verdict, we hold the evidence
is legally sufficient to support appellant’s conviction.  See Reed, 158
S.W.3d at 46.  Viewing the evidence in a neutral light, we hold the proof of
guilt is neither so obviously weak that the verdict is clearly wrong and
manifestly unjust, nor greatly outweighed by contrary proof.  See
Vodochodsky, 158 S.W.3d at 510; Reed, 158 S.W.3d at 46.  Accordingly,
we overrule appellant’s first issue on appeal.

B.   Confrontation Clause

            Appellant
contends that his Sixth Amendment right to confront the witnesses against him
was violated because Green testified concerning DNA testing performed by other
analysts.  

            Standard of
Review

            In Crawford
v. Washington, 541 U.S. 36, 51 (2004), the Supreme Court held the Sixth
Amendment confrontation right applies not only to in-court testimony, but also
to out-of-court statements that are testimonial in nature.  Wood v. State,
299 S.W.3d 200, 207 (Tex. App.—Austin 2009, pet. ref’d) (citing Crawford,
541 U.S. at 51).  The Confrontation Clause forbids the admission of testimonial
hearsay unless the declarant is unavailable to testify and the defendant had a
prior opportunity to cross-examine the declarant.  Id.  Whether a particular
out-of-court statement is testimonial is a question of law.  De La Paz v.
State, 273 S.W.3d 671, 680 (Tex. Crim. App. 2008).  It is the State’s
burden to establish the admissibility of the testimony it seeks to introduce at
trial.  See id.

            We review a
trial court’s admission of evidence for an abuse of discretion.  Ramos v.
State, 245 S.W.3d 410, 417–18 (Tex. Crim. App. 2008).  The ruling will be
upheld if it is reasonably supported by the record and is correct under any
applicable legal theory.  Id. at 418.  The trial court is the
sole trier of fact and the judge of the credibility of witnesses and the weight
given to their testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  We give almost total deference to a trial court’s determination of
historical facts and review de novo the trial court’s application of the
law to those facts.  Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim.
App. 2000).       

 

            DNA
Comparison

In
support of his contention, appellant urges us to apply Melendez-Diaz v.
Massachusetts, 129 S.Ct. 2527, 2532 (2009).  In Melendez-Diaz, the
State introduced at trial reports produced by a State chemist that contained
the chemist’s analysis of drug test results.  Melendez-Diaz, 129 S.Ct.
at 2532.  The Supreme Court held the chemist was a “witness” for purposes of
the Sixth Amendment and his report fell within the “core class of testimonial
statements.”  Id.  Therefore, the Court held the introduction of the
report without the opportunity to confront its author violated the
Confrontation Clause.  Id.

Melendez-Diaz, however, did not
specifically address the issue at bar—whether the Confrontation Clause is
violated if an expert offers oral opinion testimony based in part on work performed
by another who does not testify.  See Hamilton v. State, 300
S.W.3d 14, 21 (Tex. App.—San Antonio 2009, pet. struck).  United States v.
Washington and Hamilton are instructive in this regard.  See
United States v. Washington, 498 F.3d 225, 230 (4th Cir. 2007); Hamilton,
300 S.W.3d at 21.          

In Washington,
the Fourth Circuit held “raw” toxicology data generated by lab machines is not
testimonial.  Washington, 498 F.3d at 230.  Accordingly, the
Confrontation Clause is not violated where an expert, not involved in the
actual testing, relies on such raw data to form the basis of his opinion.  Id. 
Likewise, in Hamilton, the Court of Appeals held DNA reports generated
by scientific instruments are not testimonial.  Hamilton, 300 S.W.3d at
21.  Thus, the Confrontation Clause is not violated where an expert, not
involved in the actual testing, relies on the testing performed by another to
form the basis of her opinion.  Id.

In the
present case, Green testified the medical examiner’s office employs a procedure
termed “batch testing” when testing DNA.  She explained that in “batch
testing,” numerous analysts test the genetic matter in an assembly-line-type
process.  The tests of the materials in this case were performed by approximately
fifteen analysts using machines.[4]  

As in Washington
and Hamilton, here, the machines generated raw-data results, and
Green used those results to form the basis of her opinion—that appellant was a
contributor.  See Washington, 498 F.3d at 230; Hamilton, 300
S.W.3d at 21.  Applying the holdings of Washington and Hamilton here,
we conclude the raw-data reports are not testimonial.  See id.  Thus,
the Confrontation Clause was not violated by Green’s testimony.  Accordingly,
we overrule appellant’s second issue.

III.   Conclusion

Having overruled all of appellant’s
issues on appeal, we affirm the judgment of the trial court. 

 

 

 

 

 

                                                                                    

                                                                        /s/        Kent
C. Sullivan

                                                                                    Justice

 

 

 

 

 

Panel consists of Justices Brown,
Sullivan, and Christopher.

Do
Not Publish — Tex. R. App. P. 47.2(b).

 









[1] “Jason mask” is a term
widely recognized for the white, hockey-type mask worn in the Friday the 13th
movies.  





[2] The DNA comparison
results revealed appellant was the major contributor to the DNA mixture, and
the other two passengers were not contributors.  Mary Green, the State’s DNA
expert, testified the person who wore the mask most recently would be the major
contributor, as opposed to those who had worn it less recently, because DNA
degrades over time.  Appellant argues DNA is insufficient to prove his identity
because Green could not show when or how appellant’s DNA was deposited on the
mask.  However, the fact that appellant was the major contributor, when coupled
with the other facts here sufficiently proves identity.  Additionally, the
jury, having heard Green’s testimony, could have taken into question the
concerns appellant voices here when evaluating Green’s credibility.  See
Pena, 251 S.W.3d at 609; Reed 158 S.W.3d at 46.





[3] Appellant argues the
evidence is insufficient to show he was one of the robbers because none of
Cheng’s items were actually found on his person.  To support his argument, he
points out the cash and Cheng’s license, his personal checks, and some of his
credit cards were found on the other two passengers.  Nevertheless, the record
reveals two loaded guns, papers with Asian writing, and more of Cheng’s credit
cards were found in the vehicle. We hold the evidence, taken as a whole, is
sufficient evidence to sustain appellant’s conviction.





[4] We note that appellant
does not challenge the validity of the underlying test results.