

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00020-CR
_____

DAIZJION DEVEIL DEMERSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court Number 3
Tarrant County, Texas
Trial Court No. 1445293D; Honorable Robb Catalano, Presiding

April 16, 2019

## MEMORANDUM OPINION

Before QUINN, CJ., and CAMPBELL and PIRTLE, JJ.

Appellant, Daizjion Deveil Demerson, was convicted following a jury trial of the offense of aggravated sexual assault with a deadly weapon, a knife,[1] and assessed a

---

[1] *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i-ii), (a)(2)(A)(iv), (e) (West Supp. 2018) (a felony of the first degree).

sentence of thirty-three years confinement. In a single issue, Appellant asserts the State's evidence was insufficient to prove that he committed the crime.[2] We affirm.

BACKGROUND

In April 2016, a two-count indictment was filed alleging that on or about November 4, 2014, Appellant intentionally and knowingly caused the penetration of the (1) mouth and (2) sexual organ of E.N.[3] with Appellant's sexual organ without her consent, by compelling her to submit or participate by threatening to use force or violence against her, and she believed Appellant had the present ability to execute the threat. The indictment also contained a deadly-weapon notice alleging that Appellant used or exhibited a deadly weapon, a knife, in the course of the same criminal episode. In November 2017, a jury trial was held.

The State's evidence at trial established that during the night of November 4, 2014, E.N. was awakened by an intruder wearing a bandana to cover his lower face. The intruder was on top of her and brandishing a large, chopping knife. He told her that if she screamed, he would cut her throat and then forced her to have intercourse. He then moved E.N. to her bedroom where he put the knife to her throat and forced her to perform oral sex. Afterwards, he told her that he wanted her phone, laptop, game console, and

---

[2] Originally appealed to the Second Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between the precedent of the Second Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[3] To protect the privacy of the victim, we refer to her by her initials.

2

two hundred dollars. She told him that she could obtain the money if he allowed her to go to an ATM.

In route to the ATM, she discovered she had left her wallet at her apartment and so informed the intruder. When they arrived at her apartment to retrieve her wallet, she attempted to slam the front door of her apartment on the intruder. Nevertheless, he was able to push the door open and reacted by repeatedly hitting her in the face and then stabbing her. She began screaming and he bolted out the door.

Her neighbor, an off-duty police officer, came to her aid and radioed for backup. She subsequently described her assailant as an African-American male having "milk coffee-colored skin" with dark brown eyes that were wide-set. She also told the officers that he was approximately five feet six inches to six feet tall, was wearing black, and appeared thin. At the hospital, swabs for later DNA testing were taken from her mouth, vulva, and face.

In November 2014, the swabs were sent to a Fort Worth crime lab for preliminary testing and then to the University of North Texas Health Science Center for Human Identification for final DNA testing. In December 2014, the final DNA results were entered into the Combined DNA Index System (CODIS), a statewide/nationwide database that stores unknown DNA profiles from crime scenes. In December 2015, when Appellant's DNA profile was added to the CODIS database, he was identified as the person whose DNA profile was entered more than a year earlier in connection with E.N.'s assault.[4] After Appellant's DNA was matched in CODIS, law enforcement officers obtained DNA

---

[4] CODIS searches the entire database for DNA matches on a weekly basis.

evidence from Appellant based on the CODIS match and information indicating Appellant was in the Fort Worth area when the aggravated sexual assault occurred. In addition, to being in the Fort Worth area in 2014, he was also a named suspect in six separate burglaries that occurred October 1, 14, 17, 26, November 4, and then in December 2014.[5]

After obtaining Appellant's DNA sample from law enforcement in January 2016, the laboratory at the University of North Texas Health Science Center for Human Identification compared Appellant's DNA to the perpetrator's DNA recovered from E.N. Comparing E.N.'s oral swab to Appellant's oral swab, the State's expert determined that Appellant's DNA on the oral swab had an estimated frequency of occurrence of approximately one in sixty-eight million African-American individuals with the last census data for the United States indicating there were forty-five million African-Americans in the United States including women (making up roughly fifty percent of that number).

When E.N.'s vulva swab was compared to Appellant's DNA, the laboratory obtained a positive Y-STR profile, e.g., Appellant or any of his patrilineal relatives could not be excluded as a contributor of the Y chromosome DNA from E.N.'s vulva swab. The same result was reached when her chin swab was compared to Appellant's DNA. Based on these test results and their comparisons, the State's expert testified with a reasonable degree of scientific certainty that Appellant was the perpetrator.

---

[5] During direct examination, Appellant admitted to committing three burglaries in the Fort Worth area during October 2014. He also testified that he was familiar with the particular area of Fort Worth where the aggravated sexual assault was committed because he had several girlfriends that lived in the area in addition to two cousins and the mother of his child. Moreover, he agreed on cross-examination that the skin-tone description given by E.N. to law enforcement officers matched his own and he was skinny at the time.

In his defense, Appellant testified that he did not commit the aggravated sexual assault because he was attending a party when the assault occurred. Appellant's DNA expert testified that unless you have a full profile, single donor with an estimated frequency of a figure in the billions or trillions, you cannot say without a doubt or within a reasonable degree of scientific certainty that Appellant was the assailant and that no one else could have committed the assault.

Thereafter, the jury rendered its verdict of guilty on both counts in the indictment as well as the deadly-weapon finding. On appeal, Appellant challenges whether the State presented sufficient evidence at trial to prove beyond a reasonable doubt that Appellant was the person who committed the aggravated sexual assault against E.N. *See Roberson v. State*, 16 S.W.3d 156, 167 (Tex. App.—Austin 2000, pet. ref'd) (citing *Rice v. State*, 801 S.W.2d 16, 17 (Tex. App.—Fort Worth 1990, pet. ref'd)) (state has the burden to prove identity beyond a reasonable doubt). In other words, he challenges the sufficiency, not the admissibility of the State's evidence identifying him as the perpetrator of the crime charged.[6]

APPLICABLE LAW

In our due process review of the sufficiency of the evidence to support a conviction, we view all of the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). This

---

[6] Appellant does not challenge whether the aggravated sexual assault occurred as described by E.N. or the reliability of the State's DNA testing procedures.

standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319; *Jenkins,* 493 S.W.3d at 599.

The trier of fact is the sole judge of the weight of the evidence and the credibility of the witnesses. *See* TEX. CODE CRIM. PROC. ANN. art. 38.04 (West 1979); *Blea v. State*, 483 S.W.3d 29, 33 (Tex. Crim. App. 2016). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *See Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012). Instead, we determine whether the necessary inferences are reasonable based upon the cumulative force of the evidence when viewed in the light most favorable to the verdict. *Murray v. State*, 457 S.W.3d 446, 448 (Tex. Crim. App.), *cert. denied*, ___ U.S. ___, 136 S. Ct. 198, 193 L. Ed. 2d 127 (2015). We must also presume that the fact finder resolved any conflicting inferences in favor of the verdict and defer to that resolution. *Id.* at 448-49. *See Blea*, 483 S.W.3d at 33.

The fact that a witness cannot positively identify a suspect is a matter to be weighed by the jury. *Skinner v. State*, 837 S.W.2d 718, 722 (Tex. App.—Fort Worth 1992, pet. ref'd). When, as here, if there is no in-court identification of the perpetrator's identity elicited from trial witnesses, no formalized procedure is required for the state to prove the identity of the accused. *Clark v. State*, 47 S.W.3d 211, 214-15 (Tex. App.—Beaumont 2001, no pet.).

For purpose of proving guilt beyond a reasonable doubt, direct and circumstantial evidence are equally probative. *See McGee v. State*, 774 S.W.2d 229, 238 (Tex. Crim.

6

App. 1989). Thus, in a circumstantial evidence case, identification is sufficient, when, considered in relation to all other identification testimony, the conclusion is warranted by the combined and cumulative force of all the circumstances. *Skinner*, 837 S.W.2d at 722 (citing *Livingston v. State*, 739 S.W.2d 311, 330 (Tex. Crim. App. 1987), *cert. denied*, 487 U.S. 1210, 108 S. Ct. 2858, 101 L. Ed. 2d 895 (1988)).

ANALYSIS

Here, the State's evidence established that E.N. was the victim of an aggravated sexual assault, i.e., E.N. was threatened with a knife while being forced to have intercourse and then oral sex. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(A)(i-ii), (a)(2)(A)(iv) (West Supp. 2018). After the incident, swabs were taken from her mouth, vulva, and face for DNA testing. When Appellant's DNA was entered into the CODIS database months later, his DNA was a positive match to the DNA recovered from E.N. After additional testing and comparison, the State's expert testified with a reasonable degree of scientific certainty that the DNA recovered from E.N.'s mouth, vulva, and face matched Appellant's DNA. Moreover, Appellant was in Fort Worth during the relevant time period committing similar burglary offenses and was familiar with the area where the offense occurred.

Appellant contends the State's evidence is insufficient because his DNA expert opined that he could not conclude within a reasonable degree of scientific certainty that Appellant committed the offense because the State did not have a full profile, single donor with an estimated frequency of a figure in the billions or trillions. This assertion goes to the weight given by the jury to Appellant's expert testimony rather than the sufficiency of the State's evidence on which Appellant bases his appeal. It is the jury's role to reconcile

7

conflicts, contradictions, and inconsistencies in the evidence, and to judge the credibility of witnesses; *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991), and we afford almost total deference to these determinations. *See Lancun v. State*, 253 S.W.3d 699, 704-05 (Tex. Crim. App. 2008). Thus, when performing an evidentiary sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. *See Montgomery*, 369 S.W.3d at 192.

DNA evidence is admissible to prove identity. *Glover v. State*, 825 S.W.2d 127, 128 (Tex. Crim. App. 1992). Further, DNA evidence alone, without circumstantial evidence, may be sufficient to establish identity. *See Neighbors v. State*, No. 2-07-00176-CR, 2008 Tex. App. LEXIS 4467, at *9-11 (Tex. App.—Fort Worth June 12, 2008, pet. ref'd) (mem. op., not designated for publication) (holding that DNA evidence collected by law enforcement officers after a robbery that matched an individual through CODIS provided sufficient evidence of appellant's identity as the robber). *See also Hunt v. State*, No. 13-10-00551-CR, 2011 Tex. App. LEXIS 7007, at *9-10 (Tex. App.—Corpus Christi Aug. 29, 2011, pet. ref'd) (mem. op., not designated for publication) (collected cases cited therein).

Viewing the evidence in the light most favorable to the verdict, we hold that a rational jury could have identified Appellant, beyond a reasonable doubt, as the person who committed the aggravated sexual assault against E.N. Accordingly, we find the State's evidence was sufficient to support Appellant's conviction and overrule his single issue.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
Justice


Do not publish.